UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO JONES, et al.,<br>Plaintiffs,<br>v.<br>WASHINGTON UNIFIED SCHOOL DISTRICT, et al.,<br>Defendants. | Case No. 2:26-cv-03633-TLN-CSK (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2, 3) |

Pending before the Court is Plaintiff Domingo Jones's application to proceed in forma pauperis ("IFP") and ex parte motion for a temporary restraining order.[1] (ECF Nos. 2, 3.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motions upon the record and briefs on file.

For the reasons that follow, the Court GRANTS Plaintiff's application to proceed IFP and DISMISSES Plaintiff's Complaint with leave to amend. Further, the Court recommends DENYING Plaintiff's motion for a temporary restraining order.

## I. PLAINTIFF'S IFP APPLICATION

Plaintiff seeks leave to proceed IFP pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

Accordingly, the Court grants Plaintiff's IFP request.

## II. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is “frivolous or malicious,” “fails to state a claim on which relief may be granted,” or “seeks monetary relief against a defendant who is immune from such relief.” 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts “to state a claim to relief that is plausible on its face.” *Twombly*, 550 U.S. at 570. “A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint’s deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## III. THE COMPLAINT

Plaintiff, "individually and as parent and guardian of" Plaintiff's minor child A.J., brings this action under various federal and state laws, including the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132; and the California Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1. *See generally* Compl. (ECF No. 1). In his 6-page Complaint, Plaintiff asserts 41 causes of action against 14 defendants, including the Washington Unified School District ("WUSD"), WUSD Superintendent Cheryl P. Hildreth, several WUSD Principals, and other named individuals who are described only as "WUSD employees." *Id.* at 3-5. Although unclear, the Complaint appears to allege events purportedly constituting a "3-year pattern of disability discrimination against A.J., a 15-year old student" who attends school within the Washington Unified School District and suffers from PTSD, anxiety, depression, and apraxia. *Id.* at 2.

## IV. DISCUSSION

### A. Pro Se Representation

Plaintiff brings this action "individually and as parent and guardian of" A.J., a minor. Compl. at 1. Plaintiff is not able to bring a claim on behalf of any other party, including his minor child, because he cannot represent others pro se. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (pro se party "has no authority to appear as an attorney for others than himself"). If Plaintiff wishes to bring claims on behalf of his minor child, he will need to retain a lawyer.

### B. Federal Rule of Civil Procedure 8

The Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of

particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

Here, the Complaint does not clearly state the elements of any of Plaintiff's 41 asserted claims. For example, in Count XV, the Complaint states, "42 U.S.C. 1983 14th Amendment Equal Protection. Punished for PTSD vs non-disabled peers. Damages: 100,000." Compl. at 4. Other causes of action are less discernible. For instance, Count I states, "IDEA Child Find 2023-2026. 20 U.S.C. 1412(a)(3). WUSD had knowledge 9/14/2023. No referral until fake 9/8/2025. Damages: 200,000." *Id.* at 3. Further, although the Complaint's section describing factual allegations lists a timeline of events from September 2023 to September 2026, it is not clear which Defendants were involved in each event, how the events are connected to which of Plaintiff's causes of action, or even what happened on certain dates, such as "1/14/2026: 504 meeting held. Plan concealed until 9/9/26." *Id.* Because of these deficiencies, the Complaint is therefore subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

**C. Leave to Amend**

In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state cognizable claims, the Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected). Plaintiff is cautioned that he may only represent himself without an attorney; he must retain a lawyer to bring claims on behalf of his minor child.

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry* , 84 F.3d at 1177 (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).

**D. Motion for Temporary Restraining Order**

Plaintiff moves ex parte for a temporary restraining order ("TRO") pursuant to Federal Rule of Civil Procedure 65 against all Defendants. (ECF No. 3.) The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction, which

requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the first factor "is a threshold inquiry and is the most important factor," a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (citation modified).

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").

Here, Plaintiff's motion for injunctive relief was filed before the court screened his complaint, and no defendant has been served with process. Until Defendants have been served with process, this Court lacks personal jurisdiction over them, and may not grant the injunctive relief Plaintiff seeks. *See* Fed. R. Civ. P. 65(d)(2); *Murphy Bros, Inc.*, 526 U.S. at 350.

Because the Court dismisses the Complaint with leave to amend, there is presently no operative complaint to this action. Accordingly, Plaintiff has failed to establish a likelihood of success on the merits. *See Feathers v. U.S. SEC*, 2022 WL 17330840, at *2-3 (N.D. Cal. Nov. 29, 2022) (dismissing complaint under Rule 8 with leave to amend, and denying TRO based on no available plausible claims). The Court need not address the other *Winter* factors based on Plaintiff's failure to show a likelihood of success on the merits. *See Apartment Ass'n of L.A. Cnty., Inc. v. City of Los Angeles*, 10 F.4th 905, 917 (9th Cir. 2021); *Baird*, 81 F.4th at 1040. The Court therefore also recommends denying Plaintiff's motion for failing to establish the likelihood of success on the merits.

Further, Plaintiff's motion is procedurally deficient. Federal Rule of Civil Procedure 65(b)(1) permits the court to issue a TRO without notice to the adverse party only if (1) specific facts in the affidavit or underlying pleading show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard; and (2) the movant certifies in writing efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). This Court's Local Rules also set forth certain procedural mandates for a temporary restraining order to issue, including that the movant provide the following documents: (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on the relevant legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit detailing the notice or efforts undertaken or showing good cause why notice should not be given; (6) a proposed temporary restraining order and provision for bond; (7) a proposed order with blank for fixing time and date for a hearing; and (8) where a temporary restraining order is requested ex parte, the proposed order should also notify the affected parties of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. E.D. Cal. Local Rule 231(c). Here, although Plaintiff states that "Plaintiff notified Superintendent Cheryl P. Hildreth via email October 23, 2026," he does not include an affidavit or declaration indicating Plaintiff's attempt to provide notice to all Defendants. *See* Fed. R. Civ. P. 65(b)(1)(B); E.D. Cal. Local Rule 231(c)(5). Nor has Plaintiff provided specific facts in an affidavit clearly showing that immediate and irreparable injury will result before the adverse party can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A); E.D. Cal. Local Rule 231(c)(4). In addition, Plaintiff has not included a proposed order with Plaintiff's TRO motion. Plaintiff's failure to comply with the Local Rules' requirements for TROs is sufficient justification to deny the motion. *See Nible v. Macomber*, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying TRO sought by pro se plaintiff as procedurally deficient); *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

Plaintiff has not complied with the requirements of Local Rule 231(c)(5)-(8). Therefore, Plaintiff's motion for a TRO should be denied on substantive and procedural grounds.

## V. CONCLUSION

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend; and
3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

Further, based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion for a temporary restraining order (ECF No. 3) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 29, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, jone.3633.26